NEFTALÍ VIDAL GARRASTAZÚ ET AL., Plaintiffs and Appellants, *v.* JUAN A. MONAGAS ET AL., Defendants and Appellees.

No. 8541. Argued June 15, 1942.—Decided July 28, 1942.

*José R. Gelpí* and *J. Alemañy Sosa,* for appellants. *José Sabater* for appellees, *Juan A. Monagas* and Heirs of De la Rosa.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

In an amended complaint filed on February 9, 1938, by Neftalí Vidal and his mother, Juana Garrastazú, as heirs of Ramiro Vidal, they made Juan A. Monagas, the heirs of Ramón E. Beauchamps, the heirs of Rosario de la Rosa, and the heirs of Arturo Monagas Cedó, parties defendant.

The essential facts alleged in the complaint are as follows:

Ramiro Vidal owed José Mora the sum of $900 for which sum Mora, the creditor, had obtained on February 14, 1919, judgment in his favor, in the District Court of Mayagüez. At the time of his death, September 17, 1921, Ramiro Vidal was the owner of a one-third undivided interest in the estate called Belvedere, located in the municipal district of Cabo Rojo, with an area of 1,470 acres (*cuerdas*) of which 600 are first class agricultural land, 400 second class, and the

rest third class. Defendant Juan A. Monagas is co-owner of said estate.

After Vidal's death, defendant Juan A. Monagas, with the intention of fraudulently appropriating and recording in his name Vidal's interest in the Belvedere estate, "entered into a scheme with Ramón E. Beauchamps," whereby the latter was to buy, as he did in fact buy, for the sum of $800, the judgment against Vidal held by José Mora. According to the alleged scheme entered into between Monagas and Beauchamps, the latter, on April 2, 1923, through an *ex parte* petition, which was not notified to the plaintiffs, subrogated himself as paintiff in the place of Mr. Mora and at the same time substituted plaintiff herein Neftalí Vidal, who at the time was only seven years old, as party defendant in the place of his deceased father, substituting also as defendant Mrs. Juana Garrastazú as surviving spouse instead of as mother with *patria potestas* over her minor son. On April 9, 1923, Beauchamps, acting in concert with Monagas, obtained an order for the satisfaction of the judgment from the personal property of the debtor and in case this was insufficient to satisfy the claim, from the real property. Complying with the order of the court, the marshal advertised the auction sale of the plaintiff's interest in the Belvedere estate. On May 17, 1923, the auction sale took place and plaintiff's interest was awarded to Ramón E. Beauchamps for the sum of $900. Monagas as well as Beauchamps knew that Vidal's heirs, the plaintiffs herein, owned mortgage notes payable to bearer amounting to $1,933, issued by Vidal & Monagas, an agricultural partnership, of which the defendant Juan A. Monagas was a partner; and that the Belvedere estate had at that time a value of over $100,000.

On May 18, 1923, that is, the day after the auction sale and award to him, Ramón Beauchamps sold his one-third undivided interest in the Belvedere estate to Juan A. Monagas, who was married to Rosario de la Rosa, for the sum of $1,602.

The following are alleged, among others, as grounds to annul the auction sale and the deeds of sale executed by the marshal to Beauchamps and by the latter to Monagas:

(*a*) That the whole transaction was the result of a conspiracy entered into by Monagas and Beauchamps to defraud plaintiffs.

(*b*) That after four years and one month had elapsed from the time the judgment in favor of Mora had become final (*firme*)—March 16, 1919, to April 2, 1923—the District Court of Mayagüez lacked jurisdiction to order a substitution of parties upon *ex parte* petitions and without notice to the heirs of the judgment debtor.

(*c*) That the sale of the undivided interest in the estate was made without previously attaching said property and without notifying plaintiffs of the attachment as heirs of the judgment debtor.

(*d*) That defendant Monagas knew that his partner Ramiro Vidal had satisfied the judgment and that at the time of his death he owed no debts.

As the allegations of the second cause of action do not refer at all to the predecessor in interest of the heirs of Ramón E. Beauchamps we will not state them, such a statement being unnecessary to determine the only question submitted to us herein.

Defendants, with the exception of the heirs of Ramón E. Beauchamps, appeared and demurred to the complaint on the grounds of insufficiency, misjoinder and nonjoinder of parties defendant, and uncertainty and indefiniteness of its allegations. At the same time they interposed the special defenses of *res judicata*, estoppel, and prescription.

The heirs of Ramón E. Beauchamps, notwithstanding the fact that they had been properly summoned—three of them personally and the other three, as they resided outside the Island, by publication—failed to appear and default was entered against them.

On March 6, 1942, the District Court of Mayagüez rendered a judgment holding that the complaint failed to state facts sufficient to constitute a cause of action; that the action was barred because the period of four years established by the statute of limitations had already elapsed; and that defendant Juan A. Monagas had acquired the full ownership of the interest in the property sought to be recovered. Consequently, the lower court dismissed the complaint and adjudged the plaintiffs to pay costs without attorney's fees. On March 30, 1942, the plaintiffs appealed from said judgment, filing in due time, in this court, the transcript of the record and their brief.

The appellees Juan A. Monagas and the heirs of Rosario de la Rosa have moved to dismiss the appeal on the ground that this Supreme Court lacks jurisdiction to hear the same "because no notice of appeal has been served on the heirs of Ramón E. Beauchamps, who are defendants and necessary and interested parties in the case."

Are the heirs of Ramón E. Beauchamps parties with an interest in the present appeal and hence necessary for this court to entertain the same and affirm or reverse the judgment appealed from? An affirmative answer to this question would be sufficient to dismiss the appeal.

All the acts whose annulment is asked in the first cause of action were, as alleged, executed by Ramón E. Beauchamps by virtue of a conspiracy or fraudulent combination entered into and existing between him and Juan A. Monagas for the purpose of depriving the plaintiffs of their ownership of a one-third undivided interest in the Belvedere estate, by appropriating the same. As the alleged acts and agreements were executed jointly by Monagas and Beauchamps, it was necessary, then, to make the latter, or his heirs by substitution, parties defendant.

The effect that the entry of the default against them could have had on the heirs of Beauchamps was nullified and

destroyed by the judgment appealed from, rendered in favor of the other defendants, holding the complaint insufficient and the action prescribed. The action brought against Monagas and the heirs of Beauchamps being based on a fraudulent agreement or conspiracy, is one and indivisible. Beauchamps alone could not have conspired to defraud plaintiffs. The judgment of the lower court holding that the facts alleged in the complaint are insufficient to constitute a cause of action based on a conspiracy, benefits the appearing parties defendant as well as the defaulting ones. It is logical that it be thus, for if the facts alleged in the complaint are not sufficient to establish that Monagas conspired or entered into an agreement with Beauchamps, neither can they be sufficient to maintain that Beauchamps entered into an agreement or conspired with Monagas. We consider the doctrine laid down by this Supreme Court in the case of *Valiente & Co.* v. *District Court,* 52 P.R.R. 708, as applicable to the instant case. The entry of a default is not a judgment. The latter can not be entered against a defendant who is in default unless evidence has been presented by the plaintiff to prove the existence of the cause of action relied on by the plaintiff, except in the cases comprised in subdivision 1 of §194 of the Code of Civil Procedure, which are not applicable to the case at bar. Should the defenses set up by the appearing defendants prosper, then the same benefit also the defaulting defendants, and the final judgment must be entered in favor of all the defendants. See 78 A.L.R. 939; Black on Judgments, 2d ed., vol. 1, p. 310.

The heirs of Beauchamps, as we have already decided, being entitled to the benefits of the judgment entered in favor of the other appearing parties, we must also decide that said heirs have an interest in that said judgment should not be altered to their prejudice and are, therefore, interested parties in this appeal.

The heirs of Beauchamps are not only interested parties but necessary parties in the suit. Their predecessor

in interest took part in the perpetration of the acts and was a party to the contracts that are alleged to have been made and carried out with the purpose of defrauding the plaintiffs. Said acts and contracts cannot be declared null without the appearance of all the persons who participated in the same. In the prayer of the complaint, it is requested that the defendants be adjudged jointly and severally, to pay to the plaintiffs $100,000, as the value of the undivided interest in question, plus $64,000, the amount of the products, rents, fruits and profits of said undivided interest from September 17, 1921, with costs, disbursements, and attorney's fees.

The reversal of the judgment appealed from would subject the heirs of Beauchamps to all the liabilities already mentioned.

At it appears from the record that the heirs of Beauchamps had not been notified of the appeal and they being interested and necessary parties for this court to acquire jurisdiction over the appeal, the same must be dismissed. (*Martínez* v. *Succession of Laurido et al.*, 21 P.R.R. 29; *Galafar* v. *Succession of Morales*, 22 P.R.R. 458; *Nieves* v. *Mullenhoff et al.*, 22 P.R.R. 493; *Collazo* v. *Rivera*, 26 P.R.R. 83; and *Ramírez* v. *Ramírez et al.*, 26 P.R.R. 120.)

The appeal is dismissed for want of jurisdiction.